**PUGH v. UNITED STATES.**

No. 13270.

United States Court of Appeals
Ninth Circuit.

May 29, 1952.

Thomas M. Jenkins, Schofield, Hanson & Jenkins, San Francisco, Cal., for appellant.

James G. Mackey, U. S. Atty., Agana, Guam, for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Appellee moves to dismiss the instant appeal on the ground that it was not taken within the time required by the Federal Rules of Criminal Procedure, 18 U.S.C. These rules are made applicable to Guam by 48 U.S.C.A. § 1424(b).

Appellant was arrested and arraigned on August 16, 1951 under a charge in an Information alleging a violation of Section 641 of Title 18 of the United States Code with respect to the theft of a Thew-Lorain crane, Model MC 4-SC 96-97, asserted to have been taken on or about February 27, 1951 from the Marbo Engineer Subdepot, Andersen Air Force Base, Territory of Guam. The Information further recited that this crane was the property of the United States, valued at approximately $17,000. Appellant pleaded not guilty on the same date (August 16, 1951) and the trial court set bail at $2,000. Appellant was tried Tuesday, December 11, 1951.

A docket entry as prescribed in Form 27 of the Rules of Criminal Procedure, 18 U.S.C., was made on December 11, 1951, as follows:

"Thereupon court states the Finding of Facts and adjudges defendant guilty as charged and convicted. Motion for new trial would be useless as it would be overruled if made. Defendant remanded to custody of United States Marshal pending posting a new bond in sum of Five Thousand Dollars ($5,000.00). Sentence to be imposed on Wednesday, December 12, 1951 at 9:30 A.M."

And at the conclusion of the trial on that day as shown by the transcript of the proceedings, the trial court stated:

"The Court finds the defendant guilty as charged. In my opinion a motion for a new trial will be useless. The defendant will be placed in the custody of the United States Marshal under a new bond of $5,000 and the Court will pass sentence at 9:30 tomorrow morning."

On the following day, December 12, 1951, defendant and his counsel being present, the court stated:

"Will you stand forward, Mr. Pugh, please.

"It is the sentence of this Court that you be placed in the custody of the United States Attorney General and that you serve a sentence of two (2) years and that you be fined Five Thousand Dollars ($5,000)."

The sentencing judgment signed by the trial judge was entered that day. The judgment does not purport to make a finding but refers to the conviction in the past tense as follows: "It is adjudged that the defendant *has been convicted* upon his plea of not guilty to the offense of theft," etc. The judgment failed to insert the words "and a finding of guilty" after the word "conviction" as provided in Form 25 of the Federal Rules of Criminal Procedure.

On December 18, 1951, seven days after the docketing of the court's finding of guilt (but six days under Rule 45(a) since December 17 was a Sunday), appellant applied for an extension of time within which to consider whether a motion for new trial would be presented. The district court granted this motion the same day (December 18, 1951) and simultaneously, both entered and filed an order extending appellant's time within which to move for a new trial up to and including December 28, 1951.

On December 28, 1951 a stipulation for substitution of counsel was filed and on or about 4:40 P.M. of the aforesaid day, substituted counsel filed a motion for a new trial based on grounds other than newly discovered evidence. An order granting this motion to substitute counsel was entered and filed the same day. Oral argument on this motion was set for a day certain by the district court, for January 4, 1952, and adjourned to January 11, 1952. Meanwhile, on January 4, 1952 the United States filed a motion to dismiss appellant's motion for a new trial, asserting (a) the district court was without jurisdiction to entertain the motion based on grounds other than newly discovered evidence because filed more than five days after the finding

by the court that defendant was guilty as charged; and (b) by reason of Rules 33 and 45(b) of the Federal Rules of Criminal Procedure any attempt to entertain such a motion was an enlargement of motion time interdicted by each such rule and, therefore, any order entered therein was void and ineffective legally.

On January 11, 1952, the cause came on for hearing and the district court denied both appellant's motion for a new trial and appellee's motion to dismiss appellant's motion for a new trial.

In denying the motion to dismiss the court said:

"The question that is presented, insofar as the continued jurisdiction of the Court is concerned, is as to whether the Court orally can find the defendant guilty near the close of the court day on December 11th and set the case over for sentence until December 12th, on which date the verdict of guilty was formally entered; as to whether the time for a motion for a new trial begins to run from the 11th or the 12th. In the Court's opinion in such circumstances as these, the time proper begins to run from the 12th. Obviously, the Court continues its jurisdiction until the sentence is made and the verdict and sentence is recorded. Between the time when the Court may orally announce that it finds the defendant guilty and the time when sentence is actually imposed, there can be intervening circumstances which might cause the Court to change its views. Secondly, the purpose of the rule is to allow the defendant five normal work days in which to prepare a motion for new trial. In many cases the defendant is in no position to obtain and rely upon the advice of counsel as to whether a motion for a new trial should be presented until after the sentence of the Court, since the nature of the sentence might govern the future conduct of the defendant. Thirdly, the amount of time in question here is only a matter of hours. The defendant changed counsel so that

some confusion existed. The Court is satisfied that counsel acted in entire good faith and as speedily as possible."

On January 18, 1952 appellant filed his notice of appeal from the judgment entered December 12, 1951.

The United States contends that the appeal was not taken within the 10 days of Rule 37(a) (2), providing:

"(2) Time for Taking Appeal. An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. * * *"

because, although a motion for extension of time to make a motion for a new trial was made within the 10 days from entry of judgment, the motion was on grounds other than newly discovered evidence and was not made within the 5 days from the entry of the finding of guilt on December 11, 1951, as required by the provision of Rule 33 reading:

"* * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

reinforced by the provision of Rule 45(b) that

"* * * the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."

We do not agree with the district court's opinion that a finding of guilt made and entered in the minutes of the court on a certain day is not a finding of guilt because the court might change its mind before entering judgment and hence that the finding must be deemed made on the day of entry of judgment. If this were the law, in every case the 5 days for such a motion for a new trial would run from the entry of the judgment and the beginning of the running of time from the making of the finding of guilt provided in Rule 33 would be an absurd superfluity.

The finding of the court is treated in Rule 33 exactly like a verdict of guilty. We regard the one as to be treated the same as the other and our decision in Marion v. United States, 9 Cir., 171 F.2d 185, 186, certiorari denied, 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, as applicable. This conclusion is supported by the form of judgment, Form 25 of the Federal Rules of Criminal Procedure, showing that the making of the finding of guilt is an action of the court preceding and apart from the judgment.

The court evidently regarded the finding of guilt as a completed and final act, for on that Day, December 11, 1951, he revoked appellant's bail and ordered him into the custody of the marshal.

We regard the making of the finding as the beginning of a 5-day period within which the instant motion *must* be made[1] to confer jurisdiction[2] to extend the 10 days' time of Rule 37(a)(2) for taking an appeal. It cannot be disregarded because, as the court seemed to think pertinent, appellant may have been confused by his determination to change counsel for the purpose of making the motion for a new trial.

The motion to dismiss the appeal is granted.

1. Cf. United States v. Smith, 331 U.S. 469, 473, 67 S.Ct. 1330, 1333, 91 L.Ed. 1610, where the Court stated:
"The Rules in abolishing the term rule, did not substitute indefiniteness. On the contrary, *precise times*, independent of the term, were prescribed. The policy of the Rules was not to extend power indefinitely but to confine it within *constant time periods*." (Emphasis supplied.)

2. Cf. Marion v. United States, supra, Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705.