**UNITED STATES v. PUGH.**

Cr. 12–51.

District Court of Guam.

Aug. 20, 1952.

E. R. Crain and Finton J. Phelan, Jr., Agana, Guam, for defendant.

James G. Mackey, U. S. Atty., Agana, Guam, for plaintiff.

SHRIVER, District Judge.

The defendant was convicted of violating Section 641 of Title 18 of the United States Code. He appealed and his appeal was dismissed by the Circuit Court of Appeals under date of May 29, 1952, 9 Cir., 197 F.2d 509, upon the basis that his motion for a new trial had not been filed in time. Upon receipt of the mandate the defendant surrendered and began the service of his sentence. After the hearing on the present motion I enlarged the defendant upon bail because of grave jurisdictional questions hereafter discussed. The defendant moved to vacate judgment and sentence pursuant to Section 2255, Title 28 United States Code. The defendant contends:

1. He was not indicted and was not given the opportunity to be tried by a jury.

2. He did not have the effective assistance of counsel.

210

3. The information was fatally defective.

4. The Court was biased and prejudiced.

5. The search warrant which was issued was insufficient.

■ Only the first three points will be discussed in this opinion since it is perfectly clear that the defendant may not resort to this type of procedure in an effort to retry the case, Hilliard v. United States, 4 Cir., 185 F.2d 454.

The jurisdiction of the Court is not questioned as this is a court established by Act of Congress, 64 Stat. 389, 48 U.S.C.A. 1424-1424a.

I. Jury. The defendant was not indicted and did not have the opportunity to be tried by a jury. No objection was raised before or during the trial to the absence of indictment or trial by jury. The Court acted pursuant to its order entered July 17, 1951 permitting the Government to proceed on the basis of an information without trial by jury. In United States v. Seagraves, D.C., 100 F.Supp. 424, the Court dealt at considerable length with this question and the basis for the holding that indictment and trial by jury was not contemplated in Guam at the present time and in the absence of specific legislation setting up a jury system. The reason is that when the Organic Act of Guam was adopted no provision for jury trial was inserted in the Bill of Rights and the Committee reports point out that this was not an oversight, that the Guamanians derived their tradition in law from Spain, a civil law nation, and they had little knowledge or experience in trial by jury.

■ The constitutional authority of the United States Congress to dispense with trial by jury in unincorporated territories is no longer open to question, Balzac v. People of Porto Rico, 258 U.S. 289, 42 S.Ct. 343, 66 L.Ed. 627. I do not propose to repeat what was stated in the Seagraves case as regards the jury question. It may be well to point out that the District Court of Guam has dual jurisdiction. It has the jurisdiction of a United States District Court and pursuant to Guam Public Law 17, approved August 9, 1951, it has jurisdiction over local felonies and local civil cases involving more than $2,000.

■ In the Seagraves case [100 F.Supp. 427] I concluded as follows, and this represents the position taken in the present case:

"This court is unable to reconcile the concept that the parent legislative body, the United States Congress, intended to provide the constitutional safeguards of indictment and trial by jury when the United States prosecutes defendants for alleged felonies against the United States but deny them when the Government of Gaum prosecutes for the same or a more serious offense against the Government of Guam. This is especially difficult to reconcile when this court now has jurisdiction of offenses against the United States and the Guam Legislature has provided for similar jurisdiction over local felonies when the Organic Act is amended to permit appeals to the 9th Circuit. Public Law 17, approved August 9, 1951.

"Any conflict can be reconciled, however, if it is assumed that the United States Congress intended that the constitutional procedural rights embodied in Rules 7(a) and 23(a) of the Federal Rules of Criminal Procedure [18 U.S.C.A.] are to be followed only after provision is made for their implementation. The door would then be left open for the Congress or the Guam Legislature to provide for a jury system when either is of the view that the experience of the Guamanian people in the exercise of popular government justifies the extension of the jury system.

"The court is further constrained toward this view as to the intent of Congress by the conditions on Guam with which the Congress must be presumed to have been aware. These conditions include the limited number of non-Guamanians who are resident United States citizens, the small civilian area and language barriers among the permanent population. The popu-

lation majority resides on naval or military reservations and are essentially transient. These are members of the armed services and their dependents serving a tour of duty and contractor's employees brought to Guam under time limit personal service contracts. In addition there are many thousands of Filipino workers brought to Guam to engage in temporary employment under one year contracts. These conditions decrease the qualified juror potential.

"It is determined, therefore, that the proper construction of the Organic Act, in the light of Congressional intent, is that the United States may prosecute felonies against it by information without indictment by a Grand Jury and that trial by petit jury was not intended at the present time."

II. Effective Assistance of Counsel. The defendant contends that he was denied the effective assistance of counsel because one of his attorneys at his trial was the attorney of record in a case filed in the Island Court of Guam in which the defendant was being sued by a corporation. The corporation was represented by one of the attorneys who appeared for the defendant in the criminal trial. The defendant's contention is without merit. The facts are that an action was filed in the Island Court of Guam under date of March 14, 1950 in which the Massey Supply Corporation was plaintiff and this defendant was the defendant in that case. The plaintiff was represented by one of the attorneys who acted as defense counsel during the trial. One of the principal witnesses for the prosecution was an officer in the Massey Supply Corporation. It appears that the action in the Island Court of Guam was based upon the contention that the defendant had taken property belonging to the plaintiff. The defendant turned the summons and complaint over to his attorneys and his attorneys filed a motion to dismiss. Nothing further was done in that case and under date of June 25, 1952, the case was dismissed by the Island Court for failure to prosecute. The defendant states that after he had turned over the complaint

and summons to his counsel he forgot about the matter. One of his present attorneys represented him and testified at the hearing that aside from moving to dismiss they had done nothing further and that the case had been forgotten about. The accused attorney testified at the hearing that he had filed the complaint; that a criminal charge had also been filed involving the same accusation; that the defendant was discharged as to the criminal charge and that counsel was of the view that the civil complaint could not prosper; that the attorney had occasion to go to the United States and upon his return he understood that he no longer represented the Massey Supply Corporation and consequently paid no further attention to the complaint. He testified that he and his associate had spent a minimum of 300 hours in preparing for trial and representing the defendant at the trial of this criminal case.

While counsel for the defendant cite many authorities it is perfectly clear that there was no such conflict of interests as to have denied the defendant the effective assistance of counsel. Counsel were of his own choosing and the defendant is an experienced person who was quite capable of determining whom he wished to represent him. It must be remembered that Guam is a small community and the number of lawyers in active practice are limited. Even at the time that present counsel for the defendant were retained such counsel represented a defendant which was being sued by Mr. Pugh, a case which was subsequently dismissed by the Court of Appeals for the Ninth Circuit. I can find no basis whatever for assuming that defendant was not ably represented by counsel of his own choosing.

III The Information. The Government charged:

That on or about February 27, 1951, at the Marbo Engineer Sub-Depot, located at Andersen Air Force Base, territory of Guam, the above-captioned defendant embezzled, stole or purloined one (1) Thew-Lorain Crane, Model MC-4, S.C. 96 and S.C. 97, property of the United States, valued at approximately Seventeen Thousand Dollars ($17,000.), in violation of Sec-

tion 641 of Title 18 of the United States Code.

The Court found the defendant guilty as charged at the close of the case. The defendant now contends that the information is so vague and uncertain as to be a legal nullity. While of course it would have been preferable if the defendant had been charged specifically with theft, it cannot be contended that the defendant was unaware of the nature of the charge. The record of the trial shows a comment by the Court to the effect that the Court was momentarily confused as to whether the Government was trying a case of theft or assault and battery (Tr. p. 19). At the conclusion of the Government's case defendant's counsel moved for dismissal and stated:

The action based upon the section alleged in the information is theft.

(Tr. p. 60). The Court also stated (Tr. p. 105) that the question at issue was as to whether a particular crane was the property of the United States and was stolen by the defendant. A similar statement was made (Tr. p. 111). No attack was made upon the information at any time before or during the trial.

In the case of Bernhardt v. United States, 6 Cir., 169 F.2d 983, the Court dealt with a similar information involving the same section of the Code when the accused were charged with both theft and embezzlement. As in the instant case the trial court found the defendants guilty as charged but subsequently removed any uncertainty by finding the defendants specifically guilty of theft of Government property. The judgment and commitment in this case similarly shows that under date of December 12, 1951 I found the defendant guilty upon his plea of not guilty

"of the offense of theft of one (1) Thew-Lorain Crane, Model MC–4, SC–96 and SC–97, property of the United States, in violation of Title 18 U.S.C. 641."

■ The defendant raises other questions upon which it is not necessary to pass in this proceeding. As pointed out above, I enlarged the defendant on bail pending determination of these questions. Now, however, it is my view that any request for release on bail should be addressed to the Court of Appeals and the defendant will be ordered returne to custody. The foregoing will constitute my Findings of Fact and I make the following Conclusions of Law:

1. The Court has jurisdiction of the present action.

2. The defendant has not shown any grounds for relief.