**PUGH v. UNITED STATES.**

No. 13506.

United States Court of Appeals
Ninth Circuit.

Feb. 26, 1954.

As Amended May 20, 1954.

Rehearing Denied June 1, 1954.

762

Crain & Phelan, Finton J. Phelan, Agana, Guam, Schofield, Hanson & Jenkins, Thomas M. Jenkins, San Francisco, Cal., for appellant.

John P. Raker, U. S. Atty., Agana, Guam, Robert H. Schnacke, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

Pugh was prosecuted in the District Court of Guam and there found guilty of stealing property of the United States in violation of § 641, Title 18, U.S.C.A. His attempted appeal to this court from the judgment of conviction was dis-

missed as not having been taken in time, 197 F.2d 509. He then moved in the court below D.C., 106 F.Supp. 209, under § 2255 of Title 28 for an order vacating the sentence as void, for the reason that he was prosecuted upon an information only, with no indictment by a grand jury, and none waived, and also because he was denied trial by jury.

The information was filed, and the case was tried, in conformity with a general order or rule of the District Court of Guam, made July 17, 1951, as follows: "It is herewith ordered that in prosecutions before the District Court of Guam, wherein the accused is charged with an offense against the United States, the United States may proceed by information, rather than by indictment. It is further ordered that trials, criminal and civil, shall be conducted before the court without a jury."

■ Clearly enough, the contention that Pugh should have been prosecuted by indictment of a grand jury, or tried by petit jury, raises no constitutional question, for § 3 of the Organic Act of Guam, Title 48, U.S.C.A., § 1421a, recites that "Guam is declared to be an unincorporated territory of the United States". Thus Congress took cognizance of the doctrine of territorial incorporation as first expounded by Mr. Justice White in Downes v. Bidwell, 182 U.S. 244, 287, 21 S.Ct. 770, 45 L.Ed. 1088, and thereafter developed in a series of decisions by the Supreme Court in cases having to do with the question as to the extent to which the Constitution followed the flag.[1] As Guam has not been incorporated into the United States, neither § 2 of Article III, relating to trial by jury, nor the Fifth, Sixth nor Sev-

1. Territory of Hawaii v. Mankichi, 190 U.S. 197, 23 S.Ct. 787, 47 L.Ed. 1016; Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128, (Philippine Islands); Rassmussen v. United States, 197 U.S. 516, 25 S.Ct. 514, 49 L.Ed. 862, (Alaska); Dowdell v. United States, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753, (Philippine Islands); Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231, (Philippine Islands); and Balzac v. People of Porto Rico, 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627. The Mankichi, Dorr, Rassmussen, Ocampo and Balzac cases had to do with the question of the necessity of an indictment or trial by jury. The Rassmussen case held Alaska had been "incorporated into the United States". [197 U.S. 516, 25 S.Ct. 520.]

enth Amendments, relating to grand or petit juries, have any application to the Island of Guam or to the courts therein in the absence of some act of Congress extending their application there.[2]

Section 5 of the Organic Act, 48 U.S. C.A. § 1421b, contains a "bill of rights" for Guam. It contains no provision for indictment or trial by jury. However, § 22 of that Act, Title 48, § 1424, which creates the District Court of Guam, and defines its jurisdiction, provides in subdivision (b) thereof:

§ 1424(b). "The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to \* \* sections 3771 and 3772 of Title 18, in criminal cases \* \* \* shall apply to the District Court of Guam and to appeals therefrom." Aug. 1, 1950, c. 512, § 22, 64 Stat. 389.

Rule 7(a) of the Rules of Criminal Procedure, 18 U.S.C.A., thus made applicable, provides:

"An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. \* \* \*"

■ The offense here involved was one so punishable. There was no waiver of indictment here. Therefore through the Act's provision that Rule 7(a) "shall apply to the District Court of Guam", there exists a statutory requirement of indictment by grand jury. In United States v. Seagraves, D.C., 100 F.Supp. 424, the judge of the District Court of Guam stated at length his reasons for

holding an indictment not required, and disclosing reasons why, in his view, the use of grand and petit juries in Guam was not practical. The most serious obstacle there stated was the failure of Congress, at least expressly, to make Chapter 121 of Title 28, relating to the qualifications and manner of selecting jurors, applicable to the District Court of Guam. If, as we assume, Chapter 121 does not apply there, then provision for jurors must be made by the territorial legislature as it is in Alaska.[3] See Alaska Compiled Laws Ann.1949, §§ 55–7–1 to 55–7–56 and § 66–8–1. Cf. Hauptman v. United States, 9 Cir., 43 F.2d 86. What the judge there said might well be brought to the attention of Congress, but in our view the language of Rule 7(a), so incorporated in the Organic Act, is so explicit and unqualified that no considerations of expediency can warrant our disregarding it.

■ The question remains whether the lack of an indictment, while an error which would require a reversal upon appeal, is also a matter which can be raised in a § 2255 proceeding. It has been suggested that the language used in the Organic Act in setting up the court below is such that it imports a requirement that in respect to its trial of causes arising under the laws of the United States, the district court of Guam shall proceed under the same restrictions as are imposed by Constitutional limitations upon a district court of the United States. Such a court in the United States proper is subject to the constitutional mandate with respect to requiring indictment by a grand jury and affording a trial by jury in criminal cases. § 22(a), creating the district court of Guam, is set

---

2. Contrast Title 48, § 495, and Title 48, § 23, relating to Hawaii and Alaska, with the absence of any such enactment with respect to Guam.

3. The commission appointed to report as to the application of statutes of the United States to Guam (Organic Act, § 25, Ch. 512, Laws of the 81st Cong. 2nd Sess., 48 U.S.C.A. § 1421c) expressed the view

that Chapter 121, with the remainder of Part V of Title 28, was designed for "courts of the United States", and hence "the courts of Alaska, the Virgin Islands, and Guam were intentionally excluded." (Resource Material Used in the Report of the Commission on Application of Federal Laws to Guam, Gov't. Printing Office, 1952.)

forth in the margin.[4] The suggestion just mentioned is predicated upon the words: "The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28". Under familiar rules, a district court of the United States may lose jurisdiction if and when it denies an accused person rights which he has under the Constitution. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. But we think the use of the word "jurisdiction" in the language just quoted has no such connotation here. Plainly this refers to the jurisdiction of the subject matter. It states what cases the court may try. Since Congress carefully saw to it that Guam be not incorporated in the United States, and hence that the constitutional provisions relating to grand and petit juries did not extend there, there is no occasion for a holding that since indictment by grand jury and trial by petit jury were lacking here, the court was without jurisdiction for the same reason that a district court in continental United States would lack jurisdiction in such cases.

 The reference to the court having "the jurisdiction of a district court of the United States" does not stamp the failure to procure an indictment as a defect stemming from something akin to a constitutional requirement. The requirement of a grand jury is simply a statutory provision, brought about by § 22(b) incorporating by reference criminal rule 7(a). Yet we think the defect in this respect, that is, in regard to the lack of indictment, is a matter which can be raised in a § 2255 proceeding.[5] For this reason the judgment must be reversed. And since the failure to make use of a grand jury requires this result, we have no occasion to consider the other quite different questions that have been argued here with respect to failure to afford a jury trial.

The judgment is reversed and the cause is remanded with directions to vacate the sentence and to dismiss the information.

DENMAN, Chief Judge, concurring in the dismissal of the action but dissenting from the grounding of the court's opinion on the Federal Rules of Criminal Procedure instead of 48 U.S. C.A. § 1424(a) creating the jurisdiction of the District Court of Guam, which the Rules do no more than implement.

A. *The right to indictment is conferred by the statute creating the jurisdiction of the court and not by its rules which merely implement its jurisdiction.*

All the court's discussion of the Constitution following the flag in Guam is way by the mark, that contention not being seriously pressed at the hearing. Such discussion is no more than *brutum fulmen* about the obvious fact that the Constitution does not follow the flag, thus obscuring the single issue in the case and at the same time ignoring the principal contention made at the hearing.

---

4. Title 48, § 1424(a): "There is created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam."

5. It would appear to be as open to collateral attack as is a conviction based on an indictment which states an offense not punishable by the United States or defined in any federal statute. See Tooisgah v. United States, 10 Cir., 186 F.2d 93; semble, Barnes v. Hunter, 10 Cir., 188 F.2d 86, 89.

That single issue is, *has Congress created in the Guam district court* by the express language of 48 U.S.C.A. § 1424 (a) the jurisdiction to try persons accused of felonies only by indictment unless waived, as in the district courts of the United States and as it has created such limited jurisdiction in the district courts of Puerto Rico and the Virgin Islands.

The pertinent portions of 48 U.S.C.A. § 1424(a) and 28 U.S.C.A. § 451, to which the former refers, *expressly* confer on the Guam district court the same jurisdiction as that of a continental district court of the United States in such a case as this of a federal felony. They are:

"The District Court of Guam shall have, in all causes arising under the laws of the United States, *the jurisdiction of a district court of the United States* as such court is defined in section 451 of Title 28 * * *." (Emphasis supplied.)

and

"§ 451. Definitions

"As used in this title:

"The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, *district courts constituted by chapter 5 of this title,* including the district courts of the United States for the districts of Hawaii and Puerto Rico * * *." (Emphasis supplied.)

As early as Ex parte Wilson, 114 U.S. 417 at page 429, 5 S.Ct. 935 at page 941, 29 L.Ed. 89, it was held that to proceed to try an accused for felony without an indictment was without the *"jurisdiction"* of district courts of the United States, stating:

"Deciding nothing beyond what is required by the facts of the case before us, our judgment is that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime, within the meaning of the fifth amendment of the constitution; and that the dis-

trict court, in holding the petitioner to answer for such a crime, and sentencing him to such imprisonment, without indictment or presentment by a grand jury, *exceeded its jurisdiction,* and he is therefore entitled to be discharged." (Emphasis supplied.)

Two years later in Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 788, 30 L.Ed. 849, where Bain was convicted on an indictment found invalid because amended by the court, it was held that *"jurisdiction* of the offense [a felony] is gone" because the case was not "properly presented by indictment". Cf. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185.

Congress further indicates that it conferred on the Guam district court the same jurisdictional requirements of indictment as in the continental courts by applying to Guam the Federal Code of Crimes and Criminal Procedure, 18 U.S.C., of which Section 3321 provides for the number of grand jurors and the method of summoning them; § 3432 providing for a service of the indictment in capital cases; § 5032 providing for indicting juvenile offenders for the crimes punishable by death or life imprisonment; and §§ 3288 and 3289 which provide for re-indictment where a defective indictment was found before and after the expiration of the period of limitation.

The court's opinion quotes the pertinent sentence of § 1424(a): "The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28," and states "we think the use of the word 'jurisdiction' in the language just quoted has no such connotation here [as it does for the district courts of the United States]. Plainly this refers to the jurisdiction of the *subject matter.* It states *what cases the court may try."* (Emphasis supplied.)

That is to say, the court would amend this sentence of § 1424(a) by deleting

**766**

the significant comma after the word "have" and inserting the word "jurisdiction" before the words "in all causes arising under the laws of the United States" and, after deleting the second comma, by striking out all the succeeding words "the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28".

After such legerdemain so mauling the statute, the sentence would read:

"The District Court of Guam shall have [jurisdiction] in all cases arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined."

Such an absurdity of statutory construction obviously violates the elementary principle that the words of a statute shall be construed to give them effect and not to make them nugatory. As stated by the Supreme Court in Market Co. v. Hoffman, 101 U.S. 112, 115, 116, 25 L.Ed. 782, "We are not at liberty to construe any statute so as to deny effect to any part of its language. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word. As early as in Bacon's Abridgment, sect. 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" The same statement is repeated in Ex parte Public Bank, 278 U. S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202.

The only construction of the sentence which gives effect to the jurisdictional provision of 48 U.S.C.A. § 1424(a) is that the District Court of Guam has the same jurisdiction as the district courts of the United States in all causes arising under the laws of the United States. Indeed, this is so clear from the text that we have no reason to consider the Committee reports, for, as stated in Helvering v. City Bank, 296 U.S. 85, 89, 56 S.Ct. 70, 72, 80 L.Ed. 62:

"We are not at liberty to construe language so plain as to need no construction, or to refer to committee reports where there can be no doubt of the meaning of the words used."

Also, in Browder v. United States, 312 U.S. 335, 338, 61 S.Ct. 599, 601, 85 L.Ed. 862, the Court said:

"The plain meaning of the words of the act covers this use. No single argument has more weight in statutory interpretation than this."

However, when we examine the Senate report on the bill creating the District Court of Guam, we find its purpose was to give the litigants in that court the same "rights of American law and legal procedure" as they have in the United States District Court for the Northern District of California. That is to say, that court could obtain its jurisdiction to prosecute one accused of a felony only by indictment, unless waived.

In the original draft of the Organic Act (see H.R. 7273, 81st Cong., 2d Sess., as introduced on Feb. 13, 1950), no provision was made for a District Court. Instead, Section 22 vested the judicial authority of Guam in one Supreme Court and in such inferior Courts as may be established under the laws of Guam. The problem of enforcement of the laws of the United States, as opposed to the laws of Guam, was taken care of in Sec. 24 of the proposed bill by extending the jurisdiction of the United States District Court for the Northern District of California to include Guam, and providing for special terms of that Court to be held in Guam.

Later the bill was amended to establish a District Court in Guam. The reason for this change is given on page 4 of Senate Report No. 2109, U.S.Code Congressional Service 1950, p. 2840, cited supra:

"Given a period of peace, the growth of Guam as a transportation and commercial center for American interests in the Far East seems almost a foregone conclusion. American business enterprise in the area will want, and need, a center in which it can have the *full protection*

*of American laws and legal procedure.* Formerly this need was supplied by the United States Court for China, which had its headquarters in Shanghai, but that court was abolished by the treaty with China ending extraterritoriality. The nearest American court to far eastern economic centers is that in Hawaii, which is 12 or more hours away from Guam by air. If Guam is to afford American business enterprise the protection and stability needed, a court in Guam which will have on-the-spot jurisdiction in matters involving admiralty and business reorganization is clearly indicated." (Emphasis supplied.)

We thus see that the considered alternative for Guam of the United States Court for the Northern District of California was the United States District Court of Hawaii where, again, jurisdiction of a felony could be obtained only by indictment, unless waived.

In addition to these continental businessmen needing these "rights of American law and legal procedure" are some 15,000 continentally-reared soldiers and sailors of the Armed Forces on Guam. A sailor accused of second degree murder of a Guamanian, committed off a military reservation, as much is entitled to indictment as is the businessman.

We should take judicial notice of the following facts before Congress in enacting Sec. 1424(a). Apart from the businessmen and the 15,000 military, the original inhabitants, the Guamanians, are capable of producing trial jurors as well as grand jurors.

Beginning in 1900 and continuing for the succeeding fifty-four years, save in the Japanese occupancy, they have been compelled by the military authorities to send their children to English-speaking schools from the age of 7 to 12. *They are people, excepting the few aged, speaking in English and literate in English* and taught in the schools the elements of American ideals. Since 1935 they have been governed by the common law as developed in the California Civil and Criminal Codes, then made the law of Guam. It is clear that if they are not now able to supply jurors for the jury system, *they never will be.*

Contrast this with the conferring of the grand and petit juries on the Puerto Ricans in 1900 where, according to the 1929 edition of the Encyclopedia Britannica, page 263, "In 1899, out of a reported total but 15% could read or write. The total number in all schools at that time was 22,265, or about 2% of the population." Nevertheless, the Commission. appointed by the President under 48 U.S.C.A. § 1421c(b) to determine the federal statutes applicable to Guam in 1950 which should remain applicable, stated that Guam's status is comparable to that of Puerto Rico and the Virgin Islands," and "If the Congress has extended a statute to Puerto Rico and the Virgin Islands, the Commission considered that act to be presumptively appropriate for application to Guam."