**Silvestrie C. MAFNAS, Appellant,**

v.

**The GOVERNMENT OF GUAM,**
**Appellee.**

**No. 14600.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1955.

284

Finton J. Phelan, Jr., Agana, Guam, for appellant.

Howard D. Porter, Atty. Gen., Leon D. Flores, Island Atty., Louis A. Otto, Jr., Deputy Atty. Gen., Government of Guam, Agana, Guam, for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Mafnas appeals from a judgment and sentence of the District Court of Guam based upon an information charging him of involuntary manslaughter, a crime created by Congress in its provision in Section 25(a) of the Guam Organic Act, 64 Stat. 384, 390–391, 48 U.S.C.A. § 1421c(a).

"The laws of Guam in force on the date of enactment of this Act, except as amended by this Act, are hereby continued in force, subject to modification or repeal by the Congress of the United States or the Legislature of Guam, and all laws of Guam inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency."

Hence it is a law of the United States within Section 22(a) of the Organic Act, 48 U.S.C.A. § 1424(a), providing:

"There is hereby created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of title 28, United States Code, * * *"".

Mafnas' crime was committed on July 25, 1954. He was neither indicted nor tried by jury. On the date of the commission of his crime it is elementary that the "laws of the United States" required indictment and trial by jury in "a court of the United States" in such an offense and there was no contrary provision of the Guam laws.

One of Mafnas' contentions is that since the Guam court of the United States has the same powers as a United States District Court in the continental United States, cf. International Longshoremen's & W. Union v. Juneau Spruce Corp., 9 Cir., 189 F.2d 177, 185, he was entitled to the right to indictment and to trial by jury and was denied these rights in a proceeding based on an information.

■ With regard to jury trials, the law of Guam at the time of the enactment of the Organic Act, 48 U.S.C.A. § 1421 et seq., permitted criminal prosecution for the crime here charged by information and without indictment or jury trial. Whatever it may have been before, it became a law of the United States for Guam by the Organic Act, to remain so until changed by United States rules or law or the Guam legislature.[1] It had not been changed when the crime was committed.

■ The provision concerning the Guam District Court giving it the jurisdiction of a continental court over this law of the United States for Guam is the same as if a continental United States District Court had before it the question whether a claimed unconstitutional law had been passed by a state court. Cf. Wade v. Mayo, 1948, 334 U.S. 672, 68 S. Ct. 1270, 92 L.Ed. 1647. Since Congress has the power to deny jury trial in its "possessions" such as the Philippines were, cf. Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128, and Guam is, the Guam court properly decided Mafnas was not entitled to a trial by jury.

The same reasoning would apply to Mafnas' claim that he was entitled to an indictment but he contends that the Organic Act in making applicable to Guam all the many Federal Rules of Criminal Procedure made Rule 7(a) applicable. It reads as follows:

"Use of Indictment or Information. An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court."

■■ This court has decided already that Rule 7(a) applied to Guam in Pugh v. United States, 9 Cir., 1954, 212 F.2d 761. The only question not discussed in that case which arises here is whether a Rule of Criminal Procedure creating a right in a criminal trial in a Territory previously having no such right is valid, or whether such Rules are confined to explanation of, expansion of, or limitation of the existing law. We think the Rule created the right to an indictment. The Congressional Act which gave the right to the Supreme Court to make criminal rules provided:

"Such rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session, and *thereafter all laws in conflict therewith shall be of no further force and effect.*" [Emphasis added.] 54 Stat. 688 (now superseded by 18 U.S.C. § 3771 which makes no change relevant here.)

The Government makes the extraordinary contention that an indictment is no more advantageous to an accused man than an information and hence he is deprived of no substantial right by confining him to the latter. That is to say, a tribunal of eighteen or more grand jurors, determining the likelihood of the accused's guilt on the sworn testimony of witnesses is in no way different from the single United States attorney, with the likely ardor of the prosecutor, who relies on unsworn statements. We are at a loss to understand why the Government seriously asks us to consider this contention knowing, as all of us do, that grand juries frequently refuse to indict

---

1. Criminal Rule 23(a) 18 U.S.C.A. concerns the right to jury trial only where it existed:

"Trial by Jury. Cases **required to be tried by jury** shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." [*Emphasis added.*]

Cf. Hatchett v. Government of Guam, 9 Cir., 212 F.2d 767, 769.

where the prosecuting attorney seeks such action.

The Government next contends that although Mafnas had the right to indictment at the time the crime was committed, before he was tried and convicted Congress had enacted the Saylor Act, 48 U.S.C.A. § 1424(b), providing for trial by information only and had made it retroactive to a date between the commission of the crime and the trial, and hence Mafnas had been properly charged with the crime by information.

■ We do not agree. It is the right to indictment existing on the day of the crime which cannot be taken from Mafnas by such an ex post facto law. See Lindsey v. Washington, 1937, 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182; Beazell v. Ohio, 1925, 269 U.S. 167, 170–171, 46 S.Ct. 68, 70 L.Ed. 216; Kring v. Missouri, 1883, 107 U.S. 221, 232, 2 S.Ct. 443, 27 L.Ed. 506; Putty v. United States, 9 Cir., 1955, 220 F.2d 473.

The judgment is reversed.