**UNITED STATES of America,**
**Plaintiff,**
v.
**George Sakai SAKAMOTO and Eddie**
**Mitchell, Defendants.**
Crim. No. 45–52.

District Court of Guam.
Oct. 22, 1956.

H. G. Homme, Jr., U. S. Atty., Agana, Guam, for the United States.

Finton J. Phelan, Jr., Agana, Guam, for defendants.

SHRIVER, District Judge.

Under date of January 19, 1953, the above-named defendants were convicted of exhibiting lewd, obscene and indecent pictures upon a military reservation in violation of Section 311(3) of the Penal Code of Guam, as assimilated by Section 13 of Title 18, U.S.C. The Penal Code of Guam makes the offense a felony and provides for punishment by a fine of not more than $2,000, or imprisonment for not more than five years, or both. The defendants were represented by counsel of their choice and entered pleas of guilty. The defendant Sakamoto was fined $500 and sentenced to be imprisoned for sixty days; the defendant Mitchell was fined $1,000 and sentenced to imprisonment for six months. The pornographic motion picture film was ordered destroyed after the period for appeal had expired and the defendants, having paid their fines, have long since been released from custody after serving their sentences. The defendants were not indicted by a grand jury.

The defendants have now filed a motion in the nature of a writ of error *Coram Nobis* to set aside their convictions upon the ground that they were not indicted by a grand jury and did not waive indictment. The Guam Legislature had not at the time of the above convictions, or since, made any provision for indictment by grand jury. This court had held that indictment by grand jury and trial by jury were not required in this unincorporated territory. This holding was reversed in Pugh v. United States, 9 Cir., 212 F.2d 761, 764. Pugh was in custody and applied for his release under Sec.

2255, Title 28, U.S.C. The Court of Appeals held that indictment by grand jury was required under Rule 7(a) of the Fed.Rules Crim.Proc. 18 U.S.C.A., which rules were applicable to the District Court of Guam. The majority opinion stated in part:

"Since Congress carefully saw to it that Guam be not incorporated in the United States, and hence that the constitutional provisions relating to grand and petit juries did not extend there, there is no occasion for a holding that since indictment by grand jury and trial by petit jury were lacking here, the court was without jurisdiction for the same reason that a district court in continental United States would lack jurisdiction in such cases.

"The reference to the court having 'the jurisdiction of a district court of the United States' does not stamp the failure to procure an indictment as a defect stemming from something akin to a constitutional requirement. The requirement of a grand jury is simply a statutory provision, brought about by § 22(b) incorporating by reference criminal rule 7(a)."

The court then held that the question of lack of indictment could be raised in a 2255 proceeding. In Hatchett v. Government of Guam, 9 Cir., 212 F.2d 767, the court held that although there was no requirement for trial by jury in the District Court of Guam and although the question of lack of indictment was not raised in the district court or on appeal it was plain error, under Rule 52(b) F.R.Cr.P. for the district court to have proceeded without indictment, in the absence of waiver. The minority opinion in both the Pugh and Hatchett cases, supra, held that the District Court of Guam was required to proceed within the limitations of continental United States district courts as regards indictment and trial by jury.

The United States Congress then enacted the Saylor Act, approved August 27, 1954, 48 U.S.C.A. § 1424(b). This Act provided that any requirement for indictment or trial by jury in the F.R. Cr.P. should not apply to the District Court of Guam unless or until made so applicable by laws enacted by the Legislature of Guam; it made such amendment effective as of August 1, 1950. Sec. 3 provides:

" 'No conviction of a defendant in a criminal proceeding in the District Court of Guam heretofore had shall be reversed or set aside on the ground that the defendant was not indicted by a grand jury or tried by a petit jury.' " 48 U.S.C.A. § 1424 note.

Sec. 4 provides:

" 'If any particular provision of this Act * * *, or the application thereof to any person or circumstances, is held invalid, the remainder of the Act and the application of such provision to other persons or circumstances shall not be affected thereby.' " 48 U.S.C.A. § 1424 note.

In Putty v. United States, 9 Cir., 220 F.2d 473, certiorari denied 350 U.S. 821, 76 S.Ct. 46, the Court of Appeals held that as regards Putty, the Saylor Act was unconstitutional as being both an ex post facto law and a bill of attainder. Putty had appealed his lower court conviction. Such opinion holds that the court had no jurisdiction to proceed in the absence of indictment. One judge reserved his opinion as to whether indictment was required when the offense was committed before the passage of the Saylor Act but the information was not filed until after the passage of such Act.

Mafnas v. Government of Guam, 9 Cir., 228 F.2d 283, presented this question and the court of appeals held that Mafnas had the right to indictment as of the time the offense was committed and that the Saylor Act was ex post facto as regards him. (See criticism of these opinions in Stanford Law Review, July, 1956)

It appears clear, therefore, that the District Court of Guam was without jurisdiction to convict the defendants in the instant case and such convictions

would have been reversed on appeal or under 2255 proceedings. The question presented is as to whether it has jurisdiction to set aside such convictions upon application for a writ in the nature of *Coram Nobis*. No appeals were taken. No motions, prior to this, were filed. The defendants are not in custody. Prior to the opinion in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248, the esteemed L. Hand analyzed the remedies available to a convict not in custody. United States v. Bradford, 2 Cir., 194 F.2d 197, 201, certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L. Ed. 1371.

"As the law now stands, the remedies open to a convict who is not in custody are limited to an appeal from the judgment, and to a motion made under Rules 33, 34 and 35; and so far as he seeks to challenge any question of the court's jurisdiction he must bring himself within Rule 34."

Rule 34, F.R.Cr.P. provides:

"The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period."

The Morgan case, supra, holds that the writ of error *Coram Nobis* is available to correct certain errors and that it can be presented by motion as in the instant case. But no where in the Morgan case is it stated that the writ is available when the error complained of is an error of law clearly apparent upon the face of the record when Rule 34 is applicable. On the contrary it states that the writ was available at common law to correct errors of fact. The court gives examples of its use, to inquire as to the imprisonment of a slave, insanity of a defendant, guilty plea through fear of mob violence, failure to provide counsel in the absence of intelligent waiver, etc.

■ It must now be determined whether this court has any jurisdiction to set aside the convictions of these defendants. The question of jurisdiction could properly have been raised under Rule 34. The time for raising such question is jurisdictional, Marion v. United States, 9 Cir., 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, Coram Nobis is ordinarily available to correct fundamental errors of fact, including such errors as may have been known to the judge. United States v. Morgan, supra. The authority to issue the writ is statutory, not under the constitution, Sec. 1651(a), Title 28, U.S.C.

■ Although the court of appeals has equated the failure to provide for indictment by a grand jury in the District Court of Guam with a similar failure by a continental court in the Putty and Mafnas cases, supra, it does not follow that the United States Congress may not prohibit the exercise of a procedural right which is purely statutory in origin. By the Saylor Act, supra, the Congress has prohibited this court from setting aside a conviction because of lack of indictment. It has further provided that the application of the Act shall not be affected by the declaration of invalidity as to other persons or circumstances.

Nor does this court wish to make itself subject to the accusation that through legal technicalities or obduracy these defendants are being denied justice. We have now come full circle. The defendants were represented by counsel. The sentences imposed were not harsh, being well within the misdemeanor range. They admitted their guilt by their guilty pleas. They filed no motions and took no appeal. They are not in custody. They delayed over three years after completion of their sentences before filing their present motion. The jurisdictional defect complained of was apparent on the face of the record and was not a mistake of fact. Procedure without indictment in this court is now recognized by the F.R.Cr.P., as amended April 9, 1956, effective July 8, 1956, Rule 54(a) (1), providing that all offenses shall *con-*

*tinue* to be prosecuted in the District Court of Guam by information as *heretofore* except such as may be required by local law to be prosecuted by indictment by grand jury. (Emphasis supplied.)

This court therefore holds that it has no jurisdiction to grant the motion for a writ of error in the nature of Coram Nobis and that if it has such jurisdiction, no showing is made by the motion or at the hearing on the motion to justify its issuance.

The motion is denied.