**Finton J. PHELAN, Jr., Appellant,**

**v.**

**PEOPLE OF the TERRITORY OF GUAM, Appellee.**

**No. 21747.**

United States Court of Appeals
Ninth Circuit.

April 22, 1968.

Finton J. Phelan, Jr. (argued), Agana, Guam, in pro. per., for appellant.

Olen W. Burnett (argued), Harold W. Burnett, Atty. Gen., John P. Raker, Island Atty., Agana, Guam, for appellee.

Before BARNES and HAMLIN, Circuit Judges, and PENCE, District Judge.

PER CURIAM:

Finton J. Phelan, appellant, an attorney, was appointed out of the panel of attorneys of the district for the Territory of Guam, pursuant to the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006, to represent Edward D. Rosario. Rosario, 19 years old, was on trial on seven counts of forging and uttering checks drawn on certain Guam banks, in violation of the Penal Code of Guam.

The facts pertinent to the instant problem, as related in Rosario v. People of Territory of Guam, 9 Cir., 391 F.2d 869, decided March 13, 1968, were that about 8:00 A.M. on October 29, 1966, Juan T. Blas, the Commissioner of Yigo, who

under the Government Code of Guam [1] was authorized and empowered to act as a peace officer in his jurisdiction, had been called by a bank employee regarding a forged check cashed by Rosario. Blas, who was a close friend of Rosario's family and had known him since a child, immediately went to Rosario's home and had a conversation with Rosario in the presence of Rosario's mother. At Rosario's trial, on direct examination, Commissioner Blas testified that he had asked Rosario if he was "the one who came to the Bank of America and cashed a forged check as payee, Edward R. Reyes?" The Commissioner testified that Rosario replied, "No, I was not." Blas further testified that shortly thereafter when he made the statement, "If you are, you might as well just say the truth now," Rosario "came out and told me he did." Rosario's precise language, according to Blas, was "Yes, I did, and I have written five others, five other checks." Phelan objected to admission into evidence of the foregoing testimony of Commissioner Blas, basing his objection upon the fact that the Commissioner had failed to warn the appellant as required after Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The court overruled the objection upon the ground that "the witness has testified that he went over as a friend of the family and talked to the defendant. The defendant was not in custody."

Defense attorney Phelan, on cross-examination, brought out that Blas had first visited Rosario "as a service to the Bank of America * * * acting as Commissioner"; and that Blas had visited Rosario in his official capacity as a Commissioner, Blas stating: "I am acting as Commissioner on 24 hours." Then the transcript shows the following:

"Q. [By Phelan] Did you advise him he did not have to talk to you or answer the questions?

"MR. RAKER: I will object, your Honor. It is irrelevant.

"THE COURT: Objection sustained.

"MR. PHELAN: May I have an exception, your Honor.

"THE COURT: Of course. You asked for the exact words, just the same.[2]

"MR. PHELAN: Yes.

"THE COURT: And he is testifying in accordance with your—

"MR. PHELAN: I asked him for the exact—

"THE COURT: In accordance with your request.

"MR. PHELAN: I asked him for the exact words of the conversation. I am now asking him of the fact he didn't have to talk at all.

"THE COURT: You asked him what happened. He has already answered that he did not advise him of any rights or anything else. He has already answered the question he didn't.

"MR. PHELAN: This is cross-examination, your Honor. Is it error for me to ask him the question again?

"THE COURT: It certainly is error for you to take up the time of the Court and the jury asking questions which are favorable to you and which the witness has already answered.

"MR. PHELAN: In other words, I am precluded from proper cross-examination?

"THE COURT: You are precluded from repeating the same questions that were already answered.

"MR. PHELAN: I submit I am precluded from cross-examination. I have no further questions.

"THE COURT: You are not precluded from cross-examination. This witness has previously testified that

---

1. Title XVI Commissioners of Guam, Section 15010.

2. This refers to Phelan's insistence—during the direct examination of Blas—for the exact language used by him during his interrogation of Rosario.

he gave the defendant no warning at all.

"MR. PHELAN: I need nothing further, your Honor.

"THE COURT: Very well, don't try to say you are precluded from cross-examination.

"MR. PHELAN: I said it, your Honor, and I believe it."

Shortly after the above, during a side bar hearing on a motion for a directed verdict made by Phelan, in the absence of the jury the court said:

"THE COURT: Now, Mr. Phelan, the Court finds you in contempt of Court and will deal with you at the conclusion of your case. Proceed with your motion."

After the case had been submitted to the jury and the jury had retired, the following occurred:

"THE COURT: Mr. Phelan, the Court has advised you that it found you in contempt under Section 1211 of the Code of Civil Procedure of Guam and 1209 of the same code, which states that 'The following acts or omissions with respect to a court of justice or proceedings therein are contempt within the authority of the Court: 1. Disorderly, contemptuous or insulting behavior toward the Judge tending to interrupt the due course of the trial or other judicial proceeding.' The Court finds and so orders in this case, and the record shows that the Commis-

sioner who testified had been asked by the attorney for the defendant, you, to give the exact wording of what transpired in his relationship with the defendant, that he was previously asked whether or not he had given the defendant any warning whatever as to his Constitutional rights and had responded that he had not given him any such warning; that at that point counsel for the defendant again asked whether he had warned him, warned the defendant as to his rights. The Court intervened and pointed out that that subject had been covered, at which time the attorney for the defendant accused the Court of denying him the opportunity to cross-examine the witness, which was said in the presence of the jury and which the Court finds contemptuous and you are therefore fined Fifty Dollars for contempt of court. Except for the present case, your name will be stricken from those counsel who may be appointed in this court to represent indigent defendants. You may take exception.

"MR. PHELAN: I do."

This appeal followed.

Although appellant has urged four specifications of error, only two are pertinent to the disposition of this case: 1, that the District Court of Guam erred in applying the provisions of Sections 1211 and 1209 of the Code of Civil Procedure of Guam [3] rather than 18 U.S.C.A. § 401 (1) and Federal Rule 42; [4] and (2) that

---

3. "Section 1209. * * * The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"1. Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceedings;

   *     *     *     *     *"

"Section 1211. A contempt committed in the presence of the court may be punished summarily. * * * for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a con-

tempt, and that he be punished as therein prescribed. * * *"

4. 18 U.S.C.A. 401.

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

"(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

   *     *     *     *     *"

Rule 42(a). "Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order

the District Court abused its discretion in its finding and order in contempt.

■■ Appellant is correct in his contention that the trial court erred in using the provisions of §§ 1209 and 1211 of the Code of Civil Procedure of Guam, as the applicable law in the court's determination that the appellant was in contempt. 48 U.S.C.A. § 1424(a) states unequivocally: "The jurisdiction of and the procedure in the courts of Guam *other than the District Court of Guam* shall be prescribed by the laws of Guam. * * * " (Emphasis added.) Subsection (b) of 48 U.S.C.A. § 1424 provides that the District Court of Guam shall follow the Rules of Criminal Procedure of the United States, as set forth in Title 18 U.S.C.A. §§ 3771 and 3772. Rule 42, F.R.Crim.P., sets forth the procedure to be followed in contempt cases in all district courts, including the District Court of Guam [5] and 18 U.S.C.A. § 401(1) sets forth the contempt power of the federal courts.

Appellant's above specification of error, even though correct, nevertheless does not foreclose this court from sustaining the contempt finding and order of the district ocurt, if the same is found tenable under the standards of 18 U.S.C.A. 401(1) and Rule 42, F.R.Crim.P.

The trial judge, in his order of contempt, did not certify "that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court" as required by Rule 42, supra, nevertheless (and without inferring that the omission of such a certification is not fatal), inasmuch as the record discloses and the appellant does not deny that the words upon which the order was founded were said by the appellant in open court in the course of the trial, this court here prefers to consider the merits of the contempt action.

The transcript shows that the question which started the sequence of statements of court and counsel culminating in the finding of contempt was but a most relevant inquiry concerning the advice, if any, which Blas had given to Rosario at Rosario's home, upon the occasion of Blas' questioning of Rosario: "Q. Did you advise him he did not have to talk to you or answer the question?" The prosecuting attorney objected to the question on the ground that it was irrelevant and the court sustained that objection.[6] Appellant then stated, simply: "May I have an exception, your Honor."

■ The record discloses that the court then, voluntarily, took it upon itself to tell appellant why the court had sustained the objection. Appellant then defended the properness of his question. There is nothing in the language used by appellant which could be construed as hostile or defiant or in any manner obstructing the procedure of the trial.

With the possible exception of the last statement made by Phelan, the record indicates nothing arrogant, hostile or defiant in the words used by appellant and there is nothing in the record, including the contempt order, to indicate that the appellant was in any way defiant in tone or manner or attitude toward the court.[7] Just as in In re McConnell, 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962), where McConnell was pressing a legal contention which in no way created an obstruction blocking the judge in the performance of his judicial duty, the order of contempt here, too, cannot be justified and must be set aside.

■ In view of the disposition of the order of contempt, it is not necessary for

---

of contempt shall recite the facts and shall be signed by the judge and entered of record."

5. Cf. Pugh v. United States, 212 F.2d 761 (9 Cir. 1954). Mafnas v. Government of Guam, 228 F.2d 283 (9 Cir. 1955).

6. It is not necessary for this court now to pass upon the correctness of either the stated ground of the objection or of the trial court's ruling thereon.

7. In appellant's brief he stated: "[E]verything that transpired was in a conversational tone * * *." This was not controverted in appellee's reply brief.

this court to consider the general power of a judge to order an attorney's name stricken from the panel of attorneys set up according to a regularly adopted plan under the Criminal Justice Act of 1964. The order striking counsel was part of the punishment of appellant ordered by the court for appellant's alleged contempt. Although not raised by appellant nor mentioned by appellee, the only power of the court in contempt proceedings is to punish by fine or imprisonment. (18 U.S.C.A. § 401).

The court's order that Phelan's name be stricken from the indigent panel was beyond the power of the court to impose as punishment in a criminal contempt proceeding and was a nullity.[8]

Reversed.

---

8.  In Re Osborne, 344 F.2d 611, 616 (9 Cir. 1965).