## DOWDELL *v.* UNITED STATES.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 131.   Argued April 20, 1911.—Decided May 15, 1911.

Under § 5 of the act of July 1, 1902, c. 1369, 32 Stat. 691, unless action taken by the Supreme Court of the Philippine Islands to supply omissions in the record violates the Constitution or a statute of the United States, this court cannot disturb the judgment.

There is no valid objection based on the Constitution of the United States to the practice of the Supreme Court of the Philippine Islands adopted in this case for determining in what form it will accept the record of the court below.

The provision in § 5 of the Philippine act of July 1, 1902, c. 1369, 32 Stat. 691, that in all criminal prosecutions the accused shall meet the witnesses face to face is substantially the provision of the Sixth Amendment; is intended thereby that the charge shall be proved only by such witnesses as meet the accused at the trial face to face and give him an opportunity for cross-examination. It prevents conviction by *ex parte* affidavits.

The "face to face" provision of the Philippine Bill of Rights does not prevent the judge and clerk of the trial court from certifying as additional record to the appellate court what transpired on the trial of one convicted of a crime without the accused being present when the order was made.

Although due process of law requires the accused to be present at every stage of the trial, it does not require accused to be present in an appellate court where he is represented by counsel and where the only function of the court is to determine whether there was prejudicial error below.

Objections as to form and verification of pleading must be taken by accused before pleading general issue.

The Bill of Rights of the Philippine Islands does not require convictions to be based on indictment; nor does due process of law require presentment of an indictment. *Hurtado* v. *California*, 110 U. S. 516.

In the absence of legislation by Congress, there is no right in the Philippine Islands to require trial by jury in criminal cases. *Dorr* v. *United States*, 195 U. S. 138.

11 Philippine Islands, 4, affirmed.

THE facts are stated in the opinion.

*Mr. Charles F. Consaul,* with whom *Mr. Charles C. Heltman* and *Mr. Frank B. Ingersoll* were on the brief, for plaintiffs in error.

*Mr. Assistant Attorney General Fowler* for the United States.

MR. JUSTICE DAY delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Philippine Islands to review a proceeding in which the plaintiffs in error, Louis A. Dowdell and Wilson W. Harn, together with one Charles H. MacIlvaine, were convicted in the Court of First Instance of the Philippine Islands upon an amended complaint which charged that the three persons named, as Inspectors and Lieutenants of the Philippine Constabulary, in the Province of Samar, Philippine Islands, conspired together to abstract, steal and convert to their own use certain public funds in the custody and control of Dowdell as supply officer, and guarded by Harn as officer of the day; that in pursuance of the conspiracy the three defendants, with the intent and purpose of stealing, and converting the same to their own use, unlawfully, feloniously and willfully removed the same from the office of the Philippine Constabulary to the residence of the said Harn in Catbalogan in said Province, and did there conceal the same, and during the night, in pursuance of said conspiracy, and for the purpose of concealing the evidence of their crime and of deceiving their superior officers concerning the disappearance of said public funds, did take and remove the safe, in which said funds had been kept in the office of the Philippine Constabulary, and caused the same to be taken and conveyed out into the bay adjacent, and there sunk in the waters of

the bay. The public funds abstracted and taken consisted of Philippine coin and paper currency of the value of. nine thousand, nine hundred and seventy-one pesos and twenty-six centavos, equivalent in value to forty-nine thousand, eight hundred and fifty-six pesetas, in violation of paragraph three of article three hundred and ninety of the Philippine Penal Code.

The accused were convicted, and the present plaintiffs in error sentenced to imprisonment for six years and a day. Plaintiffs in error thereupon took an appeal to the Supreme Court of the Philippine Islands. In that court they were sentenced to eight years and one day imprisonment.

The case is brought here under § 5 of the act of July 1, 1902, 32 Stat. 691, c. 1369, giving this court the right to review, revise, reverse, modify or affirm final judgments or decrees of the Supreme Court of the Philippine Islands in which the Constitution or any statute, treaty, title, right or privilege of the United States is involved.

In the Supreme Court of the Philippine Islands the Attorney General asked that the case be sent back to the Court of First Instance for a new trial, because it did not appear that defendants had pleaded to the complaint, but the court overruled this application, and thereupon the court made the following order:

"*Resolved*, That the clerk of the Court of First Instance of Samar be, and he is hereby, directed to send forthwith to this court a certified copy of all entries in any book in his office referring to the case of *The United States* v. *Louis A. Dowdell and Wilson W. Harn*, and particularly of any entry relating to the arraignment of the defendants and to their plea. He is further directed to at once send to this court a certificate as to whether he was present at the separate trial of each of the defendants, Dowdell and Harn, and, if so, whether each or both of them were present at such trial, and the Hon. W. F. Norris, the judge who

tried the case, is hereby directed to send to this court a certificate showing whether the defendants and each of them were present during the trial of said cause against Louis A. Dowdell and Wilson W. Harn."

To this order Judge Norris, judge of the Court of First Instance, made return, in which he stated that each of the defendants, now plaintiffs in error, was present in open court during the entire time of trial from the calling of the case until after sentence was pronounced. The judge said he was unable to say whether there had been a formal arraignment or not. The clerk of the Court of First Instance certified a record of the proceedings in court, in which it appears that the defendants were asked whether they pleaded guilty or not guilty of the crime of which they were charged, and answered that they pleaded not guilty.

The official reporter of the court certified that his notes of the proceedings showed that the plaintiffs in error were arraigned, waived reading of the complaint and pleaded not guilty. The certificate of the reporter was signed by him as court reporter of the Twelfth Judicial District, and the judge of that district certified that the reporter was the duly appointed, qualified and acting reporter of the district. The reporter's certificate adds nothing to that which the clerk certified.

The first six assignments of error cover objections to this action of the court in amending its record, and to the want of presence of the accused, and the failure to show by the record the arraignment of the accused, their plea to the complaint and their presence during the trial.

If the Supreme Court of the Philippine Islands in taking the action referred to for supplying the record of omissions did not violate the Constitution, or any statute of the United States, then we cannot disturb the judgment below on these assignments of error. It is contended that the court erred in taking the statement of the judge of the

Court of First Instance without the knowledge or consent of the plaintiffs in error, that the statement was not sworn to; that the appellants were not given the opportunity to meet the witnesses face to face, or to be confronted with the witnesses, and, therefore, such statement was received in violation of Article Six of the Amendments to the Constitution of the United States, and § 5 of the act of Congress of July 1, 1902, 32 Stat. 691.

A like objection is made to the statement certified by the Clerk of the Court of First Instance, and because his statement is not a certified copy of the minutes, or any part thereof of the court, was not sworn to, and had no seal of the court attached.

As to the objection of the lack of oath to the certificates of the judge and clerk, and absence of a seal on the clerk's certificate of the proceedings—questions of that kind, where the court is correcting a record before it as an appellate tribunal, are addressed to the court making the order which may determine for itself in what form it will accept such record. At least there is no valid objection to such practice based on the Constitution or statutes of the United States.

It is averred that the order of the Supreme Court of the Philippine Islands was made without the knowledge or consent of the accused, and that the appellants had not the opportunity to meet the witnesses face to face, in violation of Article Six of the Amendments of the Constitution of the United States, and §5 of the act of Congress of July 1, 1902, c. 1369, 32 Stat. 691, embodying the so-called Philippine Bill of Rights, which is substantially taken from the Bill of Rights of the Federal Constitution. *Kepner* v. *United States*, 195 U. S. 100. Section 5 of that act provides: "That in all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel, . . . to have a speedy and public trial, to meet the witnesses face to face, etc." This is substan-

tially the provision of the Sixth Amendment to the Constitution of the United States which provides that the accused shall enjoy the right to a speedy and public trial, and to be confronted with the witnesses against him. This provision of the statute intends to secure the accused in the right to be tried, so far as facts provable by witnesses are concerned, by only such witnesses as meet him face to face at the trial, who give their testimony in his presence, and give to the accused an opportunity of cross-examination. It was intended to prevent the conviction of the accused upon depositions or *ex parte* affidavits, and particularly to preserve the right of the accused to test the recollection of the witness in the exercise of the right of cross-examination. *Mattox* v. *United States*, 156 U. S. 237, 242; *Kirby* v. *United States*, 174 U. S. 47, 55; Wigmore on Evidence, Vol. 2, §§ 1396, 1397.

But this general rule of law embodied in the Constitution, and carried by statute to the Philippines, and intended to secure the right of the accused to meet the witnesses face to face, and to thus sift the testimony produced against him, has always had certain well recognized exceptions. As examples are cases where the notes of testimony of deceased witnesses, of which the accused has had the right of cross-examination in a former trial, have been admitted. Dying declarations, although not made in the presence of the accused, are uniformly recognized as competent testimony. *Mattox* v. *United States*, 156 U. S. *supra*. Documentary evidence to establish collateral facts, admissible under the common law, may be admitted in evidence. Cooley, Constitutional Limitations, 2d ed., 450 note; *People* v. *Jones*, 24 Michigan, 224.

In the present case, the judge, clerk of the court, and the official reporter were not witnesses against the accused within the meaning of this provision of the statute. They were not asked to testify to facts concerning their guilt or innocence,—they were simply required to certify, in

accordance with a practice approved by the Supreme Court of the Philippine Islands, as to certain facts regarding the course of trial in the Court of First Instance. The taking of such certification involved no inquiry into the guilt or innocence of the accused, it was only a method which the court saw fit to adopt to make more complete the record of the proceedings in the court below, which it was called upon to review. Where a court, upon suggestion of the diminution of the record, orders a clerk of the court below to send up a more ample record, or to supply deficiencies in the record filed, there is no production of testimony against the accused, within the meaning of this provision as to meeting witnesses face to face, in permitting the clerk to certify the additional matter. We think the court acted within its authority in this respect, and did not violate the Philippine Bill of Rights, embodied in the act of July, 1902, in the respects suggested.

If the assignments of error can be taken to cover the objection that the accused were not present when the court ordered the additional record to be made we think there is no merit in this objection. In *Hopt* v. *Utah*, 110 U. S. 574, this court held that due process of law required the accused to be present at every stage of the trial. And see *Howard* v. *Kentucky*, 200 U. S. 164. In *Schwab* v. *Berggren*, 143 U. S. 442, this court held that due process of law did not require the accused to be present in an appellate court, where he was represented by counsel and where the only function of the court is to determine whether there is error in the record to the prejudice of the accused.

As we understand the procedure in the Supreme Court of the Philippine Islands, it acts upon the record sent to it upon the appeal and does not take additional testimony, although it has power to modify the sentence. In any event, the record before us does not show that any

additional testimony was taken against the accused in the
Supreme Court of the Philippine Islands bearing upon
their guilt or innocence of the crime charged. The as-
signment of error is, in this respect, that the court made
the order for the corrections of its record when the ac-
cused was absent from the court, and upon its own mo-
tion. For the reasons we have stated we think this was
within the power of the court, and there was no lack of
due process of law in making the order as the court did
in this case.

Objections are made as to the want of proper arrest and
preliminary examination of the accused before a magis-
trate, and that the information was not verified by oath
or affidavit. If tenable at all, no objections of this char-
acter appear to have been made in due season in the Court
of First Instance. Objections of this sort must be taken
before pleading the general issue by some proper motion
or plea in order to be available to the accused. 1 Bish.
Crim. Pro., § 730.

As to the objection that no indictment was found by a
grand jury as required by Article Five of the Amend-
ments of the Constitution, there is no such requirement
in the Philippine act of July 1, 1902, § 5, c. 1369. It is
therein provided that "no law shall be enacted which
shall deprive any person of life, liberty or property with-
out due process of law." This court has held that due
process of law does not require presentment of an indict-
ment found by a grand jury. *Hurtado* v. *California,* 110
U. S. 516.

The objection that the accused was not tried by a petit
jury is disposed of in *Dorr* v. *United States,* 195 U. S. 138,
in which it was held that in the absence of congressional
legislation to that end there was no right to demand trial
by jury in criminal cases in the Philippine Islands. It is
unnecessary to repeat the reasons for that conclusion
announced in the *Dorr Case.*

Other assignments of error are made, an examination of which satisfies us that no violation of the Constitution or statutes of the United States in the proceedings had in the Supreme Court of the Philippine Islands warrants a disturbance of the judgment of that court.

*Affirmed.*

Dissenting, MR. JUSTICE HARLAN.