## KNIGHTS *v.* JACKSON, TREASURER AND RECEIVER GENERAL.

ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF MASSACHUSETTS.

No. 167. Argued October 3, 1922.—Decided October 16, 1922.

The objection that a tax on a special class of persons and property for a public purpose by which they are not benefited, is a taking of property without due process of law, in violation of the Fourteenth Amendment, does not apply to the general income tax of Massachusetts (Acts, 1916, c. 269, §§ 2, 5 (b), as amended, 1919, c. 324, § 1) and use of funds so derived (Acts, 1919, c. 363) to reimburse cities and towns for increase of educational salaries. P. 14.

237 Mass. 493, affirmed.

ERROR to a judgment of the Supreme Judicial Court of Massachusetts dismissing a petition for mandamus.

*Mr. Philip Nichols* for plaintiff in error.

A tax on a particular class of property to raise revenue for a particular public purpose is a violation of the Four-

teenth Amendment when the property taxed derives no special and peculiar benefit from the expenditure of the revenue so raised. *Norwood* v. *Baker,* 172 U. S. 269; *Royster Guano Co.* v. *Virginia,* 253 U. S. 412.

A general tax is a tax assessed upon all the taxable persons and all the taxable property within the taxing district, in order to pay the public expenses of the district as a whole.

Special assessments, on the other hand, are assessed on only a part of the taxable property in the district, in order to defray the expense of a particular public improvement, and are apportioned in proportion to the benefit received by the property taxed from the establishment of such improvement. *Illinois Central R. R. Co.* v. *Decatur,* 147 U. S. 197; *Taylor* v. *Palmer,* 31 Cal. 240; *Holley* v. *Orange,* 106 Cal. 420; *New London* v. *Miller,* 60 Conn. 112; *Harmon* v. *Bolley,* 187 Ind. 511; *Shreveport* v. *Prescott,* 51 La. Ann. 1905; *Dorgan* v. *Boston,* 12 Allen, 223, 235; Rosewater, Special Assessments, Studies in History, Economics and Public Law, 483.

A special tax is a tax levied for a particular public purpose upon the property benefited by the carrying out of that purpose, but apportioned according to ability to pay. Common examples of this tax are district taxes, which are assessed on all the property in a road district to pay for a road, or in a watch district to pay for police protection, or in a school district to pay for a school. Rosewater, *id.,* 483; Seligman, Essays on Taxation, 9th ed., pp. 416, 438.

The Massachusetts income tax is a property tax and not an excise. *Opinion of the Justices,* 220 Mass. 613, 623; *Hart* v. *Tax Commissioner,* 240 Mass. 37, 39; *Tax Commissioner* v. *Putnam,* 237 Mass. 522, 531; *Kimball* v. *Cotting,* 229 Mass. 541, 543; *Maguire* v. *Tax Commissioner,* 230 Mass. 503, 512; *Raymer* v. *Tax Commissioner,* 239 Mass. 410.

A perpetual appropriation out of the proceeds of a tax levied annually by a permanent statute is equivalent to the levy of a tax for the purpose of the appropriation. A taxpayer has a constitutional right to refuse to pay a tax which is not levied for a lawful purpose. *Citizens' Savings & Loan Assn.* v. *Topeka,* 20 Wall. 655; *Green* v. *Frazier,* 253 U. S. 233.

The statute diverting part of the proceeds of the income tax and the statute imposing an additional income tax must be considered together as parts of one and the same law. *International Paper Co.* v. *Massachusetts,* 246 U. S. 135, 140; *Royster Guano Co.* v. *Virginia,* 253 U. S. 412, 414.

*Mr. Edwin H. Abbot, Jr.,* with whom *Mr. J. Weston Allen,* Attorney General of the State of Massachusetts, was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In Massachusetts taxes of a kind that used to be imposed by the cities and towns now are imposed and collected by the Commonwealth and afterwards distributed to the cities and towns to be expended for various public purposes. In this way are collected and distributed, with necessary exceptions, taxes upon the interest from debts, dividends from stock and from partnerships, Gen. Acts 1916, c. 269, § 2, and upon the excess over two thousand dollars per annum of income derived from professions and business, again with necessary exceptions, *id.* § 5(*b*), both as amended. *Dane* v. *Jackson,* 256 U. S. 589. The latter tax, under § 5(*b*), was increased one per cent. for the years 1918 and 1919 by an Act of 1919, c. 324, § 1. The validity of these taxes *per se* is not disputed. They make a comprehensive income tax. But by an Act of 1919, c. 363, the Treasurer and Receiver General is directed to set

aside and pay over to the cities and towns from the proceeds of the income tax a sum sufficient to reimburse them for specified increases of salaries of school teachers, supervisors, superintendents and the like. Thereupon the plaintiff in error, a taxpayer, brought this suit, a petition for mandamus, to prevent the respondent from paying over as directed, contending that the Act of 1919, c. 363, imposed a public charge upon a special class of property and persons not specially benefited by the services and for that reason was a taking of property without due process of law in violation of the Fourteenth Amendment. The Supreme Judicial Court, waiving questions of procedure, held that the income tax was a general tax; that the proceeds of the tax became part of the general funds of the State; that these funds could be expended for education, and that there was no appropriation of such a character as to make the tax a special tax for a special purpose or use. The petition was dismissed.

We see no reason for not accepting the views taken by the Supreme Judicial Court. The plaintiff in error asks us to connect the increase of the tax for two years by the Act of 1919, c. 324, with the reimbursement directed by c. 363, which he assails. This cannot be done, especially not for the purpose of attributing to the Legislature an attempt to achieve by indirection a result supposed to be beyond its power. The reimbursement from the general funds of the Commonwealth was lawful and to make it the funds must be provided. The fact that the end was contemplated, if it was, in this particular increase, is no more than was necessary in some form to bring about the result.

*Judgment affirmed.*