## NEUSS, HESSLEIN & CO., Inc., v. EDWARDS, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit. February 4, 1929.

No. 100.

Lord, Day & Lord and Richard S. Holmes, all of New York City (Franklin Grady, of New York City, on the brief), for appellant.

·Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The suit is a supposed corollary to the reasoning of the Supreme Court in National Paper & Type Co. v. Edwards (Bowers) 266 U. S. 373, 45 S. Ct. 133, 69 L. Ed. 331, and Barclay v. Edwards, 267 U. S. 442, 45 S. Ct. 135, 348, 69 L. Ed. 703, answering a similar argument based upon the exemption of foreign corporations from the same tax. The court there suggested as a justification for the distinction that foreign corporations, unlike domestic, could not invoke the protection of the United States in their dealings abroad; the plaintiff now argues, because corporations of Porto Rico and the Philippines are entitled to the same protection abroad as state corporations, that this excuse fails, that the exemption is arbitrary, and the tax confiscatory within the Fifth Amendment.

◼ In the first place, it by no means follows that the law is necessarily invalid, because there is no warrant for the exemption and the unequal incidence of the tax. It is notoriously difficult to lay taxes equally, and Congress has the widest latitude in the exercise of this, the most vital of its powers. Indeed, it used to be said that, in those fields where the power itself was undoubted, its exercise was wholly beyond the limitations of the Fifth Amendment; Congress might throw the burden as it chose. Veazie Bank v. Fenno, 8 Wall. 533, 19 L. Ed. 482; Treat v. White, 181 U. S. 264, 269, 21 S. Ct. 611, 45 L. Ed. 853; McCray v. U. S., 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; U. S. v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Billings v. U. S., 232 U. S. 261, 282, 34 S. Ct. 421, 58 L. Ed. 596; Flint v. Stone Tracy Co., 220 U. S. 107, 158, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. To-day this would be too broad a statement, for, starting with intimations in Brushaber v. Union Pac. R. Co., 240 U. S. 1, 24, 25, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713, and Llewellyn v. Frick, 268 U. S. 238, 251, 252, 45 S. Ct. 487, 69 L. Ed. 934, it is now held that a retroactive tax may operate with so much injustice as to come within the amendment and be invalid for that reason. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Blodgett v. Holden, 275 U. S. 142, 48 S. Ct. 105, 72 L. Ed. 206; Untermyer v. Anderson, 276 U. S. 440, 48 S. Ct. 353, 72 L. Ed. 645. As yet, however, mere inequality of incidence has never been held enough, and much has been tolerated. Brushaber v. Union Pac. R. Co., 240 U. S. 1, 25, 26, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; La Belle Iron Works v. U. S., 256 U. S. 377, 392, 393, 41 S. Ct. 528, 65 L. Ed. 998. Except for any implications to be drawn from the discussion in Brushaber v. Union Pac. R. Co. and Barclay v. Edwards, there has been not even a suggestion that taxes are invalid because they bear unequally. We do not find it necessary to consider the point here, because we think that there were sufficient reasons for the exemption.

◼ It arises because by section 1 of the Revenue Act of 1918 (26 USCA § 1262), Porto Rico and the Philippines are classed as foreign territory. That, of course, was a definition only for the purposes of the act (De Lima v. Bidwell, 182 U. S. 1, 21 S. Ct. 743, 45 L. Ed. 1041), but it corresponded with a real difference in constitutional status. The ambiguities resulting from the opinions in Downes v. Bidwell, 182 U. S. 244, 21 S. Ct. 770, 45 L. Ed. 1088, have since been cleared, and it is settled law that, until formally incorporated into the United States, the Constitution, or at least the whole of it, does not extend to annexed territory ex proprio vigore. Dorr v. U. S., 195 U. S. 138, 24 S. Ct. 808, 49 L. Ed. 128, 1 Ann. Cas. 697; Dowdell v. U. S., 221 U. S. 325, 332, 31 S. Ct. 590, 55 L.

Ed. 753; Balzac v. Porto Rico, 258 U. S. 298, 305, 42 S. Ct. 343, 66 L. Ed. 627. Porto Rico and the Philippines have never been so incorporated, and moreover, like Alaska and Hawaii, which have (Rasmussen v. U. S., 197 U. S. 516, 25 S. Ct. 514, 49. L. Ed. 862; Alaska v. Troy, 258 U. S. 101, 42 S. Ct. 241, 66 L. Ed. 487; Farrington v. Tokushige, 273 U. S. 284, 47 S. Ct. 406, 71 L. Ed. 646), do not share politically in the government. They govern themselves in whole or in part only by act of Congress under section 3 of article 4 of the Constitution, and they have for long had independent systems of taxation and have been exempted from the general income tax. We do not understand that the plaintiff challenges the propriety of that exemption or complains of the competition between itself and insular corporations so far as they buy in the Islands and sell abroad. Porto Rico Coal Co. v. Edwards (D. C.) 275 F. 104, 108, 109. Its complaint is that, when they buy in the United States in immediate competition with domestic corporations, they should be put on a parity with them; the Revenue Act should have imposed a tax upon the income so derived, which presumably would be assessed and collected within the states and at the place where they bought the goods.

█ As a purely fiscal policy there can be no doubt that Congress may prefer the territories, imposing the resulting burdens on the States at large, just as it may directly tax them and cover the proceeds into the Treasury. Binns v. U. S., 194 U. S. 486, 24 S. Ct. 816, 48 L. Ed. 1087. The Fifth Amendment does not reach such inequalities, for the preference granted is to a community which has no voice in the result; the States cannot oppress themselves, and may grant favors to those dependent on their will, if the resulting deficit be equally distributed. Nor does it make a difference that the preference extends to transactions taking place within the States themselves. The same reasons apply as before; the discrimination is not imposed upon those who have no political power, but is assumed by those who have it.

██ The gist of the plaintiff's complaint cannot, therefore, rest upon fiscal discrimination, but upon its indirect results; that is, upon the handicap to its trade which arises from the differential. But the Constitution does not require taxes to be laid in such a way as to keep all taxpayers at industrial and commercial parity, any more than it looks into the distribution of the taxes when collected. Dane v. Jackson, 256 U. S. 589, 598, 599, 41 S. Ct. 566, 65 L. Ed. 1107; Knights v. Jackson, 260 U. S. 12, 43 S. Ct. 1, 67 L. Ed. 102.

Such an ideal is impossible in practice in any case, and, so far as it is not, courts have no means of realizing it, and no power, if they had means. Taxation inevitably involves the compromise of conflicting interests, of whose pressures the final action must be the resultant. These can be adjusted only by that body which is properly responsive to their social importance, and that body is Congress, not the courts. Such controversies cannot be accommodated by general rules or economic absolutes, or without a scrutiny and valuation which go far beyond the scope of judicial inquiry.

█ A subsidiary point is that the tax is upon exports. Concededly, if it be not unduly discriminatory, it is not. Peck & Co. v. Lowe, 247 U. S. 165, 38 S. Ct. 432, 62 L. Ed. 1049. The second question is therefore answered with the first.

Judgment affirmed.