**Matter of the Application of Caryl CHESSMAN, A Condemned Man, for a writ of Habeas Corpus.**

**No. 34375.**

United States District Court,
N. D. California, S. D.

Jan. 4, 1955.

See, also, 219 F.2d 162.

James A. Duffy and Berwyn A. Rice, San Rafael, Cal., for petitioner.

No other appearance.

GOODMAN, District Judge.

Six and a half years have passed since the death penalty was adjudged against Chessman by the Superior Court of the State of California in and for the County of Los Angeles.[1] Many appeals and petitions for the writ of habeas corpus[2] have now culminated in the instant petition for the writ of habeas corpus. The latter was no doubt prompted by the "invitation" of the U. S. Supreme Court, Chessman v. People of State of California, 348 U.S. 864, 75 S.Ct. 85, in denying Chessman's latest petition for certiorari, that the denial was "without prejudice to an application for a writ of habeas corpus in an appropriate United States District Court."

Chessman has applied for certiorari in the U. S. Supreme Court 5 times,[3] resulting in denials of his petitions a like number of times. And now, once again, this being the 5th time[4] in *this* Court, the round robin resumes. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

As in the petition filed here May 19, 1952 (Civil No. 31600), Chessman urges Federal interposition in his case because, he claims, the transcript on appeal from his state court conviction, was, irregularly, fraudulently and improperly compiled, by means of fraud and collusion between the trial judge, the district attorney and an inebriated court reporter.

We denied the 1952 petition upon the ground that it lacked federal stature. The Court of Appeals affirmed, 9 Cir.,

205 F.2d 128, 130. Chief Judge Denman disposed of the contention as to the transcript as follows:

"Chessman's contention that due to extrinsic fraud by the trial judge and the prosecutor, the transcript of record forwarded upon appeal to the state supreme court was incomplete and that he was not permitted to show that important parts of the proceeding were missing or incorrectly recorded presents no issue upon which he is entitled to a hearing. * * *

"After the judgment of conviction was entered, the court proceeded without Chessman's participating to prepare the record on appeal. The reporter of the trial proceedings had died without transcribing his shorthand notes and the transcript was made up by another reporter aided by other testimony. He contends that collusion between the trial judge, the prosecuting attorney and the transcribing reporter prevented a true record—one which would have shown the truth of his other allegations—from being presented to the California Supreme Court. He claims that the Fourteenth Amendment was violated in that he was deprived of his right of personal participation in the proceeding in which the record was settled, and that the prosecuting attorney, who testified in the preparation of the record, perjured himself.

"There is no merit in the contention that the due process provisions of the Fourteenth Amendment were

1. Execution of the penalty has been stayed several times.

2. One appeal and three applications for habeas corpus to the Supreme Court of California; 5 applications for habeas corpus to the United States District Court; 1 appeal to the Court of Appeals of the Ninth Circuit; 5 applications for certiorari to the United States Supreme Court.

3. October 9, 1950, 340 U.S. 840, 71 S.Ct. 29, 95 L.Ed. 616; May 14, 1951, 341 U.S. 929, 71 S.Ct. 800, 95 L.Ed. 1359; March 31, 1952, 343 U.S. 915, 72 S.Ct. 650, 96 L.Ed. 1330; December 14, 1953, 346 U.S. 916, 74 S.Ct. 278, 98 L.Ed. 416; October 25, 1954, 348 U.S. 864, 75 S.Ct. 85.

4. I first denied a writ on March 17, 1950 (Misc. No. 167). Judge Roche denied a writ on December 4, 1950 (Civil No. 30217). Judge Oliver J. Carter denied a writ on November 6, 1951 (Civil No. 30965). I denied a writ on June 9, 1952 (Civil No. 31600).

violated. The Constitution gives no right to appear in person or by counsel on a criminal appeal. Whether to grant an appeal, and the terms upon which it will be granted are purely matters of local law over which federal courts have no control. \* \* \* there can be no denial of due process in the procedure used to settle the record on appeal."

See also Andrews v. Swartz, 156 U.S. 272, 274–275, 15 S.Ct. 389, 39 L.Ed. 422; McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867; Dowdell v. United States, 221 U.S. 325, 328–329, 31 S.Ct. 590, 55 L.Ed. 753.

The claim of impropriety of the transcript on appeal has been before the State Courts, commencing as far back as 1948.[5] It is the same claim again in the instant petition; the previously tendered facts are again set forth, plus some additional facts of the same general character.

In fact, the same contention was urged in Chessman's petition for certiorari to the Supreme Court when review of 205 F.2d 128 was sought. The Supreme Court denied certiorari, 346 U.S. 916, 74 S.Ct. 278, 98 L.Ed. 412; rehearing denied 347 U.S. 908, 74 S.Ct. 430, 98 L.Ed. 1066. It is not an unreasonable speculation that had the attention of the Supreme Court been directed to its decision denying certiorari, 346 U.S. 916, 74 S.Ct. 278, it might not have encouraged Chessman to refile in the District Court, as it did in 348 U.S. 864, 75 S.Ct. 85.

■ When does the wheel stop turning? What must the citizen think of our "nickel in the slot" administration of criminal justice? The court would be fully justified in refusing to consider the present petition as repetitious and an abuse of the writ of habeas corpus.[6] In fact, as provided by federal statute, I am not "required to entertain" it. 28 U.S.C. § 2244.

■ Be that as it may, it is sufficient to say that, whether the facts in this petition are greater or less, either qualitatively or quantitatively, the subject matter, namely, the irregularity of the appeal transcript, is the same as that previously urged. And, as a matter of law, that has been determined *not* to tender a federal question. See Judge Denman's opinion, 205 F.2d 128, supra.

Chessman's last petition for a Federal writ is repetitious and completely without merit.

The petition is dismissed. Application for stay of execution denied.

---

5. (a) November 1, 1948—Application to California Supreme Court for a writ of prohibition to prevent certification of record on appeal on ground of irregularity of reporter's transcript. Denied November 22, 1948.

(b) July 27, 1949—Motion to require augmentation and correction of transcript, and appeal from certification of reporter's transcript. Dismissed May 19, 1950, 35 Cal.2d 455, at pages 460 to 466, 218 P.2d 769, 19 A.L.R.2d 1084.

(c) May 12, 1950—Petition for habeas corpus in California Supreme Court on basis of irregularity of transcript. Denied June 12, 1950.

(d) April 6, 1951—Petition for habeas corpus in California Supreme Court for relief because of alleged fraud between the Judge, District Attorney and report-er in preparation of transcript. Denied January 15, 1952.

(e) December 18, 1951—Sufficiency of record considered and determined on appeal from judgment, 38 Cal.2d 166, 238 P.2d 1001.

(f) July 16, 1954—Petition for habeas corpus in California Supreme Court claiming fraud on part of District Attorney in preparing transcript. Denied July 21, 1954.

6. 28 U.S.C. § 2244; Swihart v. Johnston, 9 Cir., 150 F.2d 721, certiorari denied 327 U.S. 789, 66 L.Ed. 803, 90 L.Ed. 1016; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. Goodman, Use and Abuse of The Writ of Habeas Corpus, 7 F.R.D. 313.