PETERSON, Judge.
Robert Hood Disinger appeals the trial court’s denial of his motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. The petition for relief requesting a new trial was based upon two issues: ineffective assistance of trial counsel and violation of his Sixth Amendment right to confront witnesses at trial. In this appeal of the denial of his motion for post-conviction relief, he also raises the issue of ineffectiveness of appellate counsel in the direct appeal of his conviction.
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
The complaint of ineffectiveness of trial counsel is grounded upon the contention that Disinger was not given an opportunity to listen to the electronically recorded depositions of witnesses and that his attorney did not spend enough time with him to prepare adequately for trial. At a hearing on the 3.850 motion, the trial court specifically found no basis to support this and found that Disinger’s defense had been performed in a professional manner. The transcript of the hearing supports this finding.
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
Disinger proceeds incorrectly by attempting to raise the issue of ineffectiveness of appellate counsel in an appeal from a post-conviction relief order. A claim for relief predicated on ineffective assistance of appellate counsel can be granted only by habeas corpus in the appellate court. Smith v. State, 400 So.2d 956 (Fla.1981). We therefore deny relief on this ground but without prejudice to the appellant to proceed properly.
SIXTH AMENDMENT VIOLATION
Disinger, who was adjudicated guilty in 1987, has invoked the procedure prescribed by rule 3.850 to urge that the right to a face-to-face confrontation with a witness at trial, allegedly established in Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), be applied retroactively and that we order a new trial.
Two girls, the fourteen-year-old victim and a similar-fact witness, age fifteen, were among the witnesses who testified at Disinger’s trial. Except for Disinger, the participants at the post-conviction relief hearing were somewhat vague as to whether a screen device was used when the second girl testified. However, all the witnesses recalled that the screen had been used when the victim testified. Her face was visible to the defendant only when she looked around the screen to identify him. The screen consisted of darkened or shaded glass with a black aluminum frame measuring approximately two feet square. A bracket on the bottom of the screen anchored it to the immediate left of the witness stand in such a manner as to allow all the participants in the trial to view the witness, except that the defendant’s view was “blurred.” While the trial court seemed to recall that an informal hearing had been conducted regarding use of a screen, no record of such hearing had been made.
At trial, defense counsel objected to the use of the screen on the ground that it would violate defendant’s right to confront the witnesses against him and that there was no showing of potential harm to the witnesses if they testified without the screen. The objection was overruled, and Disingef cites Coy in support of his position that it was error to permit use of the screen. Coy was decided after Disinger’s earlier appeal in which his appellate counsel did not raise trial counsel’s objections to the use of the screen. The Supreme Court in Coy held that a defendant’s Sixth Amendment right to confrontation was vio *826 lated by the use at trial of a large screen which, when the courtroom lights were dimmed, prevented a child witness from seeing the defendant and allowed the defendant only a dim view of the witness. The Court stated that the Confrontation Clause of the Constitution guarantees to a defendant not only the right to cross-examine a witness before a jury, but also the right to observe the witness “face to face” while the witness is testifying against him or her. As in the instant case, there was no showing in Coy that the child witness would suffer harm if testimony was offered without the screen.
We see no reason to attempt to distinguish Disinger’s case from Coy. The use of the screen in the absence of any showing of possible harm being visited on a child through face-to-face confrontation was clearly error. We must, therefore, turn to the issue of whether Coy was a judicial change from pre-existing principles of law. If Coy had effected a change, the criteria determining whether to apply a change of law retroactively established in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), would be applied. However, we decline the invitation to classify the due process principles enunciated in Coy as judicial changes in the law. In Coy, the Supreme Court indicated that the “Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact.” Coy, at 108 S.Ct. 2800. Stressing the longstanding right to face-to-face confrontations, the Court stated:
This opinion is embellished with references from antiquity in part to convey that there is something deep in human nature that regards face-to-face confrontation between accused and accuser as “essential to a fair trial in a criminal prosecution.”
108 S.Ct. 2801 (emphasis added) (citation omitted).
The Court then cited two early cases, Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899), and Dowdell v. United States, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753 (1911), to show that the right to a face-to-face confrontation is well-established. In Kirby, the Court described the operation of the Confrontation Clause as:
[A] fact which can be primarily established only by witnesses cannot be proved against an accused ... except by witnesses who confront him at .the trial, upon whom he can look while being tried, whom he is entitled to cross-examine, and whose testimony he may impeach in every mode authorized by established rules governing the trial or conduct of criminal cases.
Kirby, 174 U.S. at 55, 19 S.Ct. at 577 (emphasis added). The Dowdell opinion contained language as follows:
[T]o secure the accused the right to be tried, so far as facts provable by witnesses are concerned, by only such witnesses as meet him face-to-face at trial, who give their testimony in his presence, and give to the accused an opportunity of cross-examination.
Id. 221 U.S. at 330, 31 S.Ct. at 592, 55 L.Ed. at 757 (emphasis added). Furthermore, on February 24, 1987 (Disinger was arrested in April 1987), the Court decided Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), in which the plurality opinion stated that “[t]he Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination.”
Finally, the type of screen used in the instant case, which obscures the defendant's observation of a witness, never has been authorized by Florida law. Florida has a procedure for use of a shield between the witness and the defendant; however, the method used must ensure that the defendant can see the witness. Section 92.53, Florida Statutes (1985), allows videotaping of the testimony of a victim or witness who is under the age of sixteen when the court finds that there is a substantial likelihood that the child would suffer at least moderate emotional or mental harm if required to *827 testify in open court. Subsection (4) of the statute provides:
“The defendant and the defendant’s counsel shall be present at the videotaping unless the defendant has waived this right. The court may require the defendant to view the testimony from outside the presence of the child by means of a two-way mirror or another similar method that will ensure that the defendant can observe and hear the testimony of the child in person, but that the child cannot hear or see the defendant.”
Section 92.54, Florida Statutes (1985), provides for the use of closed circuit television to obtain testimony of a victim or witness under sixteen, and section 92.55 allows the court to enter any order necessary to protect the rights of all parties or the defendant in any criminal action.
In view of the long-standing recognition of face-to-face confrontations as a requirement [1] of the Confrontation Clause and the absence of any statutory authority for the use of the screen used in the instant case, we conclude that Coy does not represent a change in the law. The trial court erred in using the screen over Disinger’s objection, but the error was one which could have been raised upon his earlier appeal. It was preserved for appeal by trial counsel’s objections, and the objections were supported by law as it existed at the time of trial. See Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). Failure to raise the issue on direct appeal constituted a waiver of the right to appeal the error.
The denial by the trial court of the motion for post-conviction relief is affirmed without prejudice to Disinger to proceed properly on the issue of ineffectiveness of appellate counsel.
AFFIRMED.
COWART and GOSHORN, JJ., concur.

. While the requirement of face-to-face confrontation is a constitutional right, this court has held previously that it is not a fundamental right and, therefore, can be waived. State v. Gibson, 560 So.2d 1370 (Fla. 5th DCA 1990).