PER CURIAM.
Robert Disinger, a criminal defendant presently in custody, petitions this court for a writ of habeas corpus alleging ineffective assistance of appellate counsel in failing to argue the violation of petitioner’s right to confront witnesses as guaranteed by the Sixth Amendment of the United States Constitution and Article I, § 16 of the Florida Constitution. We GRANT the writ and REMAND for a new trial.
Disinger was convicted of three counts of sexual battery and one count of indecent assault. Disinger was sentenced to three concurrent life sentences with a mandatory term of twenty-five years on the three sexual battery convictions and fifteen years incarceration on the indecent assault charge. The convictions were affirmed on direct appeal although the sentence on the indecent assault charge was vacated. Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988) (Disinger I). Subsequently, Di-singer filed a motion for post-conviction relief which was denied after an evidentia-ry hearing. On appeal, this court affirmed the denial, but did so without prejudice for Disinger to seek relief on his claim of ineffective assistance of appellate counsel by the proper procedure of habeas corpus. Disinger v. State, 569 So.2d 824 (Fla. 5th DCA 1990) (Disinger II).
In Disinger II, this court extensively discussed the factual circumstances surrounding Disinger’s alleged Sixth Amendment violation of the confrontation clause and the impact of the United States Supreme Court’s decision in Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). This court found “no reason to attempt to distinguish Disinger’s case from Coy. The use of the screen in the absence of any showing of possible harm being visited on a child from face-to-face confrontation was clearly error.” Disinger II, 569 So.2d at 826. This court also found:
The trial court erred in using the screen over Disinger’s objection, but the error was one which could have been raised upon his earlier appeal. It was preserved for appeal by trial counsel’s objections, and the objections were supported by law as it existed at the time of trial.
Id. at 827.
By virtue of the findings of fact and conclusions of law espoused in Disinger II, we find that appellate counsel’s failure to raise the issue in Disinger I constituted a *269 substantial deficiency falling measurably outside the range of professionally acceptable conduct and that this deficiency compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Johnson v. Wainwright, 463 So.2d 207 (Fla.1985). Even though Coy was decided five days after the time in which the motion for rehearing could have been filed in his direct appeal (Disinger I), we concluded in Di-singer II that Coy did not represent a change in the law “[i]n view of the longstanding recognition of face-to-face confrontations as a requirement of the Confrontation Clause and the absence of any statutory authority for the use of the screen used in the instant case ...” Disinger II at 827.
Disinger seeks a new trial in the instant petition although the proper relief would be to permit a new appeal. However, if appellate counsel had brought the confrontation issue to our attention on direct appeal, a new trial would have been granted. In this case, a new appeal would be redundant because in Disinger II we acknowledged that reversible error occurred at trial. Cf. Johnson v. Wainwright, 498 So.2d 938 (Fla.1986). Therefore we REVERSE Di-singer’s convictions, VACATE his sentences and direct that he be retried.
COWART, COBB and HARRIS, JJ., concur.