Paul D. SHEWFELT, Petitioner—Appellant,

v.

State of ALASKA; Margaret M. Pugh, Respondents—Appellees.

No. 99–35647.

D.C. No. CV–98–00003–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2000.

Decided Feb. 2, 2001.

Before BROWNING, B. FLETCHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Appellant Paul D. Shewfelt appeals the district court's summary judgment denying his petition for a writ of habeas corpus. The petition sought relief from a conviction for first degree sexual assault on the ground that Shewfelt's involuntary absence from a playback of testimony for the jury violated his right to be present at all stages of trial. Shewfelt's habeas petition was filed on January 26, 1998; it is therefore governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. *See Jeffries v. Wood,* 114 F.3d 1484, 1495–96 (9th Cir.1997) (en banc). Under AEDPA, we may not grant the writ unless the Alaska Supreme Court decision involved an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Whether the right to attend a playback is "clearly established" under this standard presents a difficult question of first impression. However, we need not decide the question. The Alaska Supreme Court did not deny the right existed; it merely concluded that in this case any error was harmless. *See State v. Shewfelt,* 948 P.2d 470, 473 (Alaska 1997). We agree.

The infringement of a defendant's right to attend trial proceedings is subject to harmless-error analysis. *See Rushen v. Spain,* 464 U.S. 114, 117 n. 2, 104 S.Ct. 453, 78 L.Ed.2d 267. (1983). The effect of Shewfelt's absence must therefore be assessed to determine whether, viewed in the context of the trial as a whole, the alleged error affected the trial outcome. *See Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

The Alaska Supreme Court upheld the trial court's post-judgment findings that there was no improper communication with the jurors during the playback proceedings and no other unusual circumstance—e.g., improper statements, selective playbacks, missing jurors.[1] *See Shewfelt,* 948 P.2d at 472–73. There was no bias in the presentation of evidence. The court clerk followed the normal replay procedure. The testimony of both Shewfelt and the victim was played, including the cross-examination of those witnesses. No representative from either party was present, and there is no indication that either party gained any tactical or psychological advantage. *See id.* at 471–73.

---

* This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The only unusual occurrence is that the jurors arguably misunderstood the rule that the "foreperson" must request a playback to mean that "four persons" must request playback; it is difficult to see, however, how this has any impact on the harmless error analysis.

Under AEDPA, state court findings are presumptively correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir.2000). Petitioner has not offered any such evidence. Therefore, the failure to include Shewfelt in the playback was harmless.

AFFIRMED.

B. FLETCHER, Circuit Judge, concurring.

I concur in the judgment. However, I write separately to address the issue that the majority declines to reach: whether a defendant's right to attend a playback constitutes "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In my opinion, the failure to recognize the right to be present during a playback or readback would be an "unreasonable application" of the larger body of Supreme Court precedent establishing the right of defendants to attend all essential phases of their own trial. *See Rushen v. Spain*, 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Accordingly, I would affirm this aspect of the Alaska Supreme Court's holding and find that for a state court to hold otherwise would violate even the deferential, AEDPA-amended language of § 2254(d)(1).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court explained that a state court makes an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." 529 U.S. at 412, 120 S.Ct. at 1523. A state-court decision also involves an "un-

reasonable application" of Supreme Court precedent if it "unreasonably refuses to extend [a legal principle] to a new context where it should apply." 529 U.S. at 407, 120 S.Ct. at 1520. A number of post-*Williams* opinions issued by this circuit provide further guidance for putting these dictates into practice. Hence, as we held in *Patterson v. Gomez*, 223 F.3d 959 (9th Cir.2000), "[t]he Supreme Court need not have addressed a factually identical case; § 2254(d) only requires that the Supreme Court clearly determine the law." *Id.* at 962. Furthermore, as we stated in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000), "the clearly established federal law, the application of which must be determined to be reasonable or unreasonable, is ordinarily to be found at the level of generality of a general rule." *Id.* at 1157 (internal quotations omitted). Finally, rather than proceeding directly to the question of whether relief should be granted under § 2254(d)(1)'s deferential criteria, "we must first consider whether the state court erred; only after we have made that determination may we then consider whether any error involved an unreasonable application of clearly established law within the special meaning of § 2254(d)." *Id.* at 1155.

The right of a criminal defendant to be present at his own trial is a bedrock principle of our constitutional jurisprudence. *See, e.g., Rushen*, 464 U.S. at 117, 104 S.Ct. 453; *Allen*, 397 U.S. at 338; *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Hence, I believe that the Alaska Supreme Court correctly held that the trial court's failure to provide Shewfelt with the opportunity to be present at the playback of trial testimony violated his rights under the Sixth and Fourteenth Amendments of the federal constitution as well as the Alaska state constitution. *See State v. Shewfelt*, 948 P.2d 470, 471–72 (Alaska 1997); *State v.*

*Hannagan,* 559 P.2d 1059, 1063 & n. 12 (Alaska 1977) (citing *Allen,* 397 U.S. at 338; *Snyder v. Massachusetts,* 291 U.S. 97, 107–08, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Dowdell v. United States,* 221 U.S. 325, 331, 31 S.Ct. 590, 55 L.Ed. 753 (1911); *Lewis v. United States,* 146 U.S. 370, 373, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); *Hopt v. Utah,* 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884)). It follows *a fortiori* from the legal correctness of the state court's holding that it also does not constitute a decision "contrary to, or involv[ing] an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."[2]

Given the incontrovertible nature of the general right of defendants to attend their own trial proceedings, we should not then have to parse out every aspect of the trial to determine whether the general principle applies to it (e.g., to impaneling the jury, polling the jury, opening and closing arguments, etc.). Our safety valve is harmless error analysis, *not* a refusal to recognize that the constitutional right has been established and violated. However, because I conclude that the error in Shewfelt's case was harmless, I concur in the judgment of the court.

---

**2.** I note in this regard that the Alaska Supreme Court's decision comports with our own circuit precedent. *See Hegler v. Borg,* 50 F.3d 1472, 1478 (9th Cir.1995); *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir.1986); *Bustamante v. Eyman,* 456 F.2d 269, 271–75 (9th Cir.1972) (citing *Lewis, supra; Snyder, supra; Hopt, supra; Allen, supra; Diaz v.* *United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Shields v. United States,* 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927)).

